**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PIKE COUNTY ADVERTISER, LLC,**

        **Plaintiff,**

    **vs.**                      **Civil Action 2:07-CV-1290**
                                     **Magistrate Judge King**

**GANNETT SATELLITE INFORMATION**
**NETWORK, INC., et al.,**

        **Defendants.**

**OPINION AND ORDER**

Plaintiff Pike County Advertiser, LLC. ("plaintiff") filed this action in state court against defendants Gannett Satellite Information Network, Inc. ("Gannett") and Robert E. Robbins ("defendant Robbins") (collectively, "defendants"). The action was removed by Gannett as a diversity action under 28 U.S.C. §1332, *Notice of Removal,* Doc. No. 2. Although defendant Robbins, like plaintiff, is identified in the *Complaint* as a resident of Ohio, *Complaint,* Doc. No. 3, Gannett invoked the doctrine of fraudulent joinder and argued that defendant Robbins' non-diverse citizenship should be disregarded for purposes of removal. The Court ordered the parties to address the issue of subject matter jurisdiction. *Order,* Doc. No. 10. With the consent of the parties pursuant to 28 U.S.C. § 636(c), this matter is before the Court on the parties' responses to that *Order. Defendant Gannet Satellite Information Network, Inc.'s Motion to Show Cause Why This Case Should Not be Remanded*, Doc. No. 11, *Plaintiff's Memo Contra Defendants' Motion to Show Cause,* Doc. No. 19; *Defendants' Reply in Support,* Doc. No. 20. For the reasons that

follow, this action is **REMANDED.**

## I.      FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges in the *Complaint* that, since 2003, plaintiff has been "engaged in the business of printing and publishing a newspaper," the *Pike County Advertiser*, in the Pike County, Ohio, area, *Id.*, at ¶ 1, although it temporarily suspended publication of the *Pike County Advertiser*. *Id.* at ¶ 4. Plaintiff claims ownership of the tradename "Pike County Advertiser." *Id.*, at ¶ 2. Plaintiff complains that, beginning in approximately December 2006, Gannett's predecessor in interest commenced publication of a newspaper also named the *Pike County Advertiser* in Pike County, Ohio, and Gannett continues to publish that newspaper. *Id.* at ¶ 5. According to the *Complaint,* defendant Robbins is "President of Newspaper Network of Central Ohio, which is the division of Gannett that is responsible for the publication of the counterfeit Pike County Advertiser Newspaper." *Id.,* at ¶ 7. The *Complaint* asserts claims of misappropriation of tradename, deceptive trade practices, unfair competition, and damage to business reputation (first claim), conversion (second claim), and "intentional acts" (third claim) against "Defendants." *Id.,* at ¶¶ 12, 16, 20.

## II.     STANDARD OF REVIEW

The removal of an action to federal court based on diversity jurisdiction is proper only when complete diversity exists at the time of removal, *i.e.*, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The party seeking to bring the case into federal court bears the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Her Majesty*

*The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (party seeking removal bears the burden of establishing right to remove).

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). *See also Rose v. Giamatti,* 721 F.Supp. 906, 913 (S.D. Ohio 1989) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. The law relating to this aspect of removal jurisdiction is stringent and requires the removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulently joined. *Waterloo Coal Co., Inc. v. Komatsu Mining Sys., Inc.*, Case No. C2-02-560, 2003 U.S. Dist. LEXIS 411, *5 (S.D. Ohio Jan. 6, 2003).

When a removing party alleges that a defendant has been fraudulently joined as a party in order to defeat removal jurisdiction, the removing party must establish that not only does the complaint not only fails to state a claim against the non-diverse defendant, but also fails to assert even a colorable argument that it does. *Rose v. Giamatti,* 721 F.Supp. at 914 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). If there is a colorable argument in support of the claim against the non-diverse defendant, removal of the case is improper even if the defendant may ultimately prevail in state court. *Id.*

> The burden of persuasion placed on those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading

3

of jurisdictional facts.

*Miller Brewing Co.,* at 549.  Under this standard, a court's inquiry is not whether the complaint

states a claim, but whether "there remained a possibility of a valid claim being stated against the

in-state defendants . . . ."  If there is, "the case would be properly cognizable only in the state

courts."  *Id.* at 550.  *Accord Brusseau v. Electronic Data Systems Corp.*, 694 F. Supp. 331,

333-334 (E.D. Mich. 1988);  *Bucksnort Oil Co. v. Nat'l Convenience Stores, Inc.*, 585 F. Supp.

883, 886 (M.D. Tenn. 1984).  *Accord Waterloo Coal Co.*, 2003 U.S. Dist. LEXIS 411, *5.

Additionally, the district court must resolve all disputed questions of fact and ambiguities

in the controlling state law in favor of the non-removing party, and all doubts as to the propriety

of removal are resolved in favor of remand.  *Coyne*, 183 F.3d at 493.  However, the district court

may not base a conclusion of fraudulent joinder on the court's own view of the merits of the

claims or defenses in the case.  *Wiseman v. Universal Underwriters Ins. Co.*, Case No. 2:04-CV-

1110, 2005 U.S. Dist. LEXIS 20676, *4-5 (S.D. Ohio Sept. 21, 2005).

Thus, in deciding whether diversity jurisdiction exists in the instant case, the Court's task

is limited to determining whether the complaint states any claim against defendant Robbins that

is even arguably permitted under state law.  Because the Court ultimately concludes that it lacks

jurisdiction, the views that it expresses in considering plaintiff's various claims should not be

construed as a disposition of the merits of those claims.  Absent jurisdiction, this Court is

powerless to make such an adjudication.  Instead, these issues are left to the Pike County Court

of Common Pleas and are addressed herein only to determine this Court's subject matter

jurisdiction.

## III.    DISCUSSION

Plaintiff contends that, as President of Newspaper Network of Central Ohio, which is the division of Gannett responsible for the publication of the "counterfeit Pike County Advertiser newspaper," *Complaint* at ¶ 7, defendant Robbins is individually liable for what he publishes. Doc. No. 19, p. 3. Gannett contends that defendant Robbins cannot be held liable for the acts of Gannett solely because of his status as an officer. Doc. No. 20, p. 2.

Under Ohio law, corporate officers may be personally liable for "torts committed by or for the corporation when the officer has participated in the wrong." *Prymas v. Kassai,* 168 Ohio App. 3d 123, 136 (Ohio Ct. App. 2006). "Ohio law has long held that corporate officers may be held personally liable for actions of the company if the officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein." *State ex rel Fisher v. Am. Courts, Inc.*, 96 Ohio App. 3d 297, 300 (Ohio Ct. App. 1994) (citing *Young v. Featherstone Motors, Inc.,* 97 Ohio App. 158 (Ohio Ct. App. 1954)). "However, a corporate officer will not be held personally liable for the acts of the corporation by mere virtue of his status as a corporate officer." *Id.*

Defendant Robbins avers that he was never employed by Journal Community Publishing Group, Inc., the predecessor in interest of Gannett which initially published the allegedly offending newspaper. *Affidavit of Robert E. Robbins, ¶* 3, Doc. No. 12. According to Gannett, defendant Robbins was not involved in the original decision to publish the *Pike County Advertiser* nor has he participated in the day to day management of the *Pike County Advertiser. Id.* ¶¶ 5-6. Conversely, plaintiff contends that, as president of the entity that publishes the allegedly offending newspaper, defendant Robbins must necessarily be involved in the publication of that newspaper.

This Court is unable to conclude that, as a matter of law, the *Complaint* fails to state even a colorable claim against defendant Robbins.  At a minimum, it is unclear what role defendant Robbins plays in the publication of the *Pike County Advertiser* in his capacity as president of the entity that publishes that newspaper.  If the evidence, after an opportunity for discovery, establishes that defendant Robbins participated in the publication of the offending newspaper, Ohio law recognizes a cause of action against this corporate officer.  The conclusory factual assertions in the affidavit of defendant Robbins do not, in the Court's estimation, establish that, as a matter of law, plaintiff cannot assert a colorable claim against this defendant.  This is true, moreover, even if it is ultimately determined that, based on all the evidence, plaintiff cannot prevail on his claims against defendant Robbins.  Because any disputed fact or ambiguity must be resolved in favor of the non-removing party, *see Coyne*, 183 F.3d at 493, it is the state court that must be permitted to resolve that dispute or ambiguity.

Because the Court concludes that defendant Robbins was not fraudulently joined in this action, complete diversity is lacking.

This case is hereby **ORDERED REMANDED** to the Court of Common Pleas for Pike County, Ohio.


December 8, 2008                      *s/Norah McCann King*
                                     Norah McCann King
                                     United States Magistrate Judge